UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPHA A. CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, | Case No. 1:14-cv-597 <br><br> Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| MATTHEW WARE, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S
MOTIONS FOR DEFAULT JUDGMENT AND DAMAGES (Docs. 10, 11)**

This civil action is before the Court on Plaintiff's motions for default judgment and damages against Defendant Matthew Ware. (Docs. 10, 11). Defendant did not respond.

## I. PROCEDURAL HISTORY

Plaintiff filed its Complaint on July 22, 2014. (Doc. 1). Defendant was served on September 21, 2014, but failed to answer on or before October 21, 2014. (Doc. 7). On October 15, 2014, the clerk entered default. (Doc. 9). Subsequently, Plaintiff filed the instant motions for default judgment and damages. (Doc. 10, 11).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist.

LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III. ANALYSIS

Defendant having defaulted, the factual allegations it the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

As established by the facts set forth in the Complaint as well as Plaintiff's affidavit, Plaintiff is entitled to damages for Defendant's copyright infringement.[1] Specifically, Plaintiff seeks statutory damages as provided under 17 U.S.C. Section 504(c)(2) of the United States Copyright Act of 1976. (Doc. 11-1 at ¶ 2). Under this statute, Plaintiff can be awarded up to $150,000.

Plaintiff charges $500 per usage for any of her models, including the one infringed upon in this case. (Doc. 11-1 at ¶ 3). This fee is per usage. (*Id.*) When individuals use and/or reference her models in a PowerPoint presentation, Plaintiff charges $50 per slide. (*Id.* at ¶ 4). Defendant's PowerPoint presentation consisted of 28 slides, so had he sought permission before presenting on the topic, Plaintiff would have charged him $1,400 ($50 x 28 slides). (*Id.* at ¶ 5).

The conference where Defendant presented the PowerPoint took place on March 25-26, 2013. (Doc. 11-1 at 6). Upon information and belief, Plaintiff's model of cultural competency was viewable and accessible via the conference website beginning on that date through June 18, 2014, the day Plaintiff discovered the infringement and informed the Defendant. (*Id.*) Accordingly, the model was viewable and accessible online for a total of 15 months. (*Id.* at ¶ 7). Plaintiff charges $500 per month when her material is available online. (*Id.* at ¶ 8). Accordingly, Plaintiff claims an additional infringement fee of 7,500 (15 months x $500). (*Id.*) Therefore, Plaintiff is entitled to $8,900 in statutory damages.

---

[1] Defendant reproduced and published Plaintiff's "volcano model" in a PowerPoint presentation given at a conference on March 25-26, 2013. (Doc. 1 at ¶ 10). Plaintiff has a copyright – Registration No. TX 5-837-834 – for the model. (*Id.* at ¶ 8).

Plaintiff's counsel spent 16 hours litigating this civil action. (Doc. 11-3). Counsel's hourly rate is $250. (*Id.*) Accordingly, counsel is entitled to $4,000.00 in attorney fees. The Court finds the fees to be reasonable. Additionally, Plaintiff spent $85 for a process server and $400 for the filing fee. (*Id.*) Accordingly, Plaintiff is entitled to an additional $485.00 in fees. (*Id.*)

## IV. CONCLUSION

Therefore, as evidenced in Plaintiff's exhibits and affidavits and as set forth herein, the Court enters judgment by default in favor of Plaintiff granting it monetary damages against Defendant Matthew Ware in the following amounts: (a) $8,900.00 in statutory damages and (b) $4,485.00 in attorney fees and costs – for a total damage award of $13,385.

**IT IS SO ORDERED**.

Date:  12/5/14               *s/ Timothy S. Black*
                             Timothy S. Black
                             United States District Judge